DLD-008                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-2534

_____

IN RE:  MICHAEL S. OWL FEATHER-GORBEY,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 3:20-cv-00806)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 8, 2020
Before: JORDAN, KRAUSE, and PHIPPS, Circuit Judges

(Opinion filed: October 16, 2020)

_____

OPINION[*]

_____

PER CURIAM

      Earlier this year, frequent litigant Chief Michael S. Owl Feather-Gorbey

("Petitioner"), who is incarcerated at a facility administered by the Federal Bureau of

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Prisons ("BOP"),[1] brought a pro se civil action in the United States District Court for the Middle District of Pennsylvania against the United States ("the Government") and several other defendants. After the District Court granted, without comment, Petitioner's motion to proceed in forma pauperis ("IFP"), the Government moved the District Court to (1) revoke Petitioner's IFP status (arguing that revocation was warranted because he is a three-strikes litigant under 28 U.S.C. § 1915(g) and he failed to show that he was in imminent danger of serious physical injury when he filed his complaint) and (2) stay Petitioner's civil action pending the District Court's resolution of the motion to revoke. The District Court granted the Government's stay motion on July 2, 2020. Later, Petitioner filed this pro se mandamus action, asking us to direct the District Court to lift the stay order.[2]

On October 13, 2020, the District Court entered an order granting the Government's motion to revoke Petitioner's IFP status and directing him to pay the filing fee for his civil action. Because the District Court has now ruled on that motion and the

---

[1] The Superior Court of the District of Columbia convicted Petitioner of multiple offenses, and he is serving the sentence for those offenses in a BOP facility.

[2] Petitioner has filed multiple motions to proceed IFP in this mandamus action. On August 21, 2020, the Clerk directed Petitioner to file a prisoner account statement in support of those motions. Petitioner subsequently filed a motion seeking review of that Clerk's order, but then Petitioner complied with that order by filing his prisoner account statement. Accordingly, Petitioner's motion to review the Clerk's August 21, 2020 order is denied as moot. Petitioner's motions to proceed IFP in this mandamus action — a proceeding that is not governed by § 1915(g), see Madden v. Myers, 102 F.3d 74, 78 (3d Cir. 1996) — are granted.

stay has effectively been lifted, we will dismiss Petitioner's mandamus petition as moot.

See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If

developments occur during the course of adjudication that eliminate a plaintiff's personal

stake in the outcome of a suit or prevent a court from being able to grant the requested

relief, the case must be dismissed as moot.").[3]

---

[3] Petitioner's "Omnibus Motion" is denied.  To the extent that Petitioner seeks any other relief from this Court, that relief is denied as well.